IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ALVIS LEE GIBBS, JR.**                                                                **PLAINTIFF**
ADC #174990

v.                              Case No: 3:21-CV-00123-LPR

**CHRIS LANE,** *et al*.                                                                **DEFENDANTS**

### ORDER

Plaintiff Alvis Lee Gibbs, Jr. is in custody at the W.C. Brassell Adult Detention Center. He filed a *pro se* complaint under 42 U.S.C. § 1983 against DTF Agent Chris Lane, State Police Officer Aaron Morphis, and Paragould Police Department K-9 Unit Brian C. Smith.[1] Mr. Gibbs alleges his constitutional rights were violated.[2] On August 4, 2021, the Court screened Mr. Gibbs' Complaint pursuant to the Prison Litigation Reform Act ("PLRA").[3] The Court determined additional information was needed to properly screen Mr. Gibbs' claims.[4] The Court gave Mr. Gibbs the opportunity to supplement his Complaint.[5] Mr. Gibbs has filed his supplement.[6] The Court now will continue screening Mr. Gibbs' claims.

**I.      Screening**

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of

---

[1] Pl.'s Compl. (Doc. 2).

[2] *Id*. at 4.

[3] Court's PLRA Screening Order (Doc. 3).

[4] *Id*. at 4.

[5] *Id*.

[6] Pl.'s Supp. to Compl. (Doc. 4).

the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.[7] Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level.[8] A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.[9]

### II. Mr. Gibbs' Claims

In his initial Complaint, Mr. Gibbs' statement of claim reads, in its entirety:

> On July 31, 2019 Agent Chris Lane, Trooper Aaron Morphis and K-9 Unit Brian C. Smith went off record as a group of friends and took part in a ploy that violated my constitutional rights as they each abused and misused their authority. Because of their actions and planning I have been wrongfully detained.[10]

Mr. Gibbs' Supplement adds at least some factual allegations.[11] In summary and with a healthy dose of liberal construction for screening purposes, Mr. Gibbs alleges Defendants conspired to effectuate an unlawful traffic stop, vehicle search, and arrest. Defendants' alleged actions led to Mr. Gibbs' purported illegal detention and the following criminal charges against him: (1) felon in possession of a firearm; (2) possession with into to distribute methamphetamine; and (3) possession of a firearm in further of a drug trafficking crime.[12]

---

[7] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

[8] *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

[9] *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[10] Pl.'s Compl. (Doc. 2) at 4.

[11] Pl.'s Supp. to Comp. (Doc. 4).

[12] *Id.* at 2, 5, 11, 15; *U.S. v. Gibbs*, 4:19-cv-00602-DPM (E.D. Ark.)

The Court is not certain that Mr. Gibbs' Supplement states any viable claims; much of it contains legal conclusions dressed up as allegations.  Nonetheless, it is close enough to the line to pass screening.  At an appropriate time, an adversarial motion to dismiss may be successful.  But the Court will not prejudge that.

Here's what Mr. Gibbs alleges. On July 31, 2019 Agent Lane "went off record" and "conducted illegal surveillance on" Mr. Gibbs.[13]  While conducting the alleged illegal surveillance, Agent Lane asked Officer Morphis to stop Mr. Gibbs' vehicle "without having seen or knowing of any infraction of any laws or regulations."[14]  Officer Morphis agreed to do so and ultimately stopped Mr. Gibb's car.[15]  Upon stopping Mr. Gibbs' car, Officer Morphis ordered Mr. Gibbs out of the vehicle "and began a drug investigation."[16]  Officer Morphis "handcuffed and frisk[ed] Mr. Gibbs."[17]  According to Mr. Gibbs, Officer Morphis went beyond the scope of the traffic stop "without either probable cause or reasonable suspicion" and illegally detained Mr. Gibbs.[18]  While Mr. Gibbs was detained, Officer Morphis "started a non-mirandized interrogation into a drug crime."[19]  As the Court understands it, Officer Morphis also reported the stop to Agent Lane and called for a K-9 unit.[20]  Mr. Gibbs also asserts Agent Lane obtained a search warrant "based on a[n] affidavit that contained false, misleading incorrect, and fabricated information for the purpose of establishing probable cause . . . ."[21]

---

[13]  Pl.'s Supp. to Comp. (Doc. 4) at 2, 11, 15.

[14]  *Id*. at 2.

[15]  *Id*. at 3, 8.

[16]  *Id*. at 8.

[17]  *Id*.

[18]  *Id*. at 8-9.

[19]  Pl.'s Supp. to Comp. (Doc. 4) at 10.

[20]  *Id*. at 9.

[21]  *Id*. at 4.

Mr. Gibbs alleges there was no reason for K-9 Officer Smith to arrive at the scene other than the "ploy, conspiracy, and illegal traffic stop."[22] According to Mr. Gibbs, Officer Smith's actions were efforts to "gain probable cause and to proceed with a warrantless search . . . ."[23] Mr. Gibbs maintains Officer Smith "overlooked probable cause, reasonable suspicion and the requirements for search and seizure . . . ."[24]

Mr. Gibbs believes Defendants' actions violated his federally-protected rights, as well as his rights under the Arkansas Constitution, among other alleged violations.  Mr. Gibbs claims that as a result of Defendants' unlawful actions, Mr. Gibbs has suffered physically, mentally, and emotionally.[25]  Mr. Gibbs seeks damages.[26]

### A.   Official Capacity Claims

Mr. Gibbs sued all Defendants in their personal and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."[27]   To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury.[28]

Mr. Gibbs explained that he sued Agent Lane in his official capacity because Agent Lane "acted off record and as a D.T.F. Agent."[29]  Mr. Gibbs' official capacity claim against Officer Morphis is also based on Officer Morphis "act[ing] off record . . . [and] taking part in the ploy that deprived [Mr. Gibbs] of [his] rights and lead to [his] wrongful detention and pending charges . . .

---

[22]  *Id*. at 12.

[23]  *Id*. at 13.

[24]  *Id*. at 14-15.

[25]  Pl.'s Supp. to Comp. (Doc. 4) at 16-18.

[26]  *Id.* at 19-20.

[27]  *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

[28]  *See id*.

[29]  Pl.'s Supp. to Comp. (Doc. 4) at 5.

."[30] Mr. Gibbs brought official capacity claims against Officer Smith because Officer Smith "acted blindly outside the law" which led to Mr. Gibbs' "unlawful detention and pending charges."[31]

Mr. Gibbs did not identify any official municipal policy or unofficial municipal custom or practice as the moving force behind the alleged violation of his rights. Because Mr. Gibbs did not do so, Mr. Gibbs has not stated an official capacity claim on which relief may be granted. Accordingly, Mr. Gibbs' official capacity claims will be dismissed without prejudice.

### B. Miranda Warning

Mr. Gibbs asserts that Officer Morphis did not read Mr. Gibbs his *Miranda* rights. But Mr. Gibbs cannot maintain a § 1983 claim based on a *Miranda* violation.[32] Mr. Gibbs' *Miranda* claim will also be dismissed.

### C. Stay of Mr. Gibb's Remaining Claims

Mr. Gibbs brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right.[33] "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."[34] "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[35] Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."[36]

---

[30] *Id.* at 10-11.

[31] *Id.* at 15.

[32] *Hannon v. Sanner*, 441 F.3d 635, 636-38 (8th Cir. 2006).

[33] *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999).

[34] *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

[35] *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

[36] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In his Supplement, Mr. Gibbs alleges (to a certain extent) each Defendant's role in an alleged conspiracy to unlawfully stop Mr. Gibbs' vehicle, search it, and arrest Mr. Gibbs.[37] Mr. Gibbs' personal capacity claims survive screening as explained above. Even so, the Court will abstain from considering those claims further at this time.

Mr. Gibbs is clearly saying that the Defendants' actions led to Mr. Gibbs' purported illegal detention and being charged with: (1) felon in possession of a firearm; (2) possession with into to distribute methamphetamine; and (3) possession of a firearm in further of a drug trafficking crime.[38] In other words, if Mr. Gibbs' car had never been stopped unlawfully, there would never have been a search or the resulting arrest and charges.

The charges against Mr. Gibbs are pending in this Court on the docket of Chief United States District Judge D.P. Marshall[39] The criminal proceedings are ongoing; the case is set for trial on January 24, 2022.[40] Mr. Gibbs' claims in this federal civil case are intertwined with his potential defenses in his federal criminal case. For example, a finding in Mr. Gibbs' criminal case that Defendants acted unlawfully as alleged in this civil case would call into play the suppression of evidence.[41] When claims in a civil case and issues in a parallel criminal case are so meshed, the United States Supreme Court has explained that "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or likelihood of a criminal case is ended."[42] A court may abstain from proceeding with a parallel civil case

---

[37] Pl.'s Supp. to Comp. (Doc. 4) at 5.

[38] *Id*. at 2, 5, 11, 15; *U.S. v. Gibbs*, 4:19-cv-00602-DPM (E.D. Ark.).

[39] *U.S. v. Gibbs*, 4:19-cv-00602-DPM (E.D. Ark.).

[40] *Id*. at Court's Scheduling Order (Doc. 52).

[41] *See, for example, Wong Sun v. United States*, 371 U.S. 471, 484-88 (1963).

[42] *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

whether the underlying criminal case is in state or federal court.[43] Under these circumstances, a stay of these civil proceedings is in order. This case will be stayed pending the resolution of the federal criminal proceedings against Mr. Gibbs.

## IV. Conclusion

It is, therefore, ORDERED that:

1. Mr. Gibbs's official capacity claims are dismissed without prejudice.

2. Mr. Gibbs' *Miranda* claims are dismissed without prejudice.

3. This case is administratively terminated. Mr. Gibbs may move to reopen this case after the final disposition of his federal criminal case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Mr. Gibbs does not file a timely motion to reopen or a status report by September 9, 2022, then the Court will reopen the case and dismiss it without prejudice.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

IT IS SO ORDERED this 9th day of September, 2021.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[43] *See Ray v. Moon*, 635 Fed. Appx. 502, 504 (10th Cir. 2015) (noting stay of federal civil case may be appropriate under *Wallace v. Kato* when parallel federal criminal case is pending); *Wells v. Gregory*, case no. 3:19-cv-00077-DPM, Doc. No. 4 (E.D. Ark. Apr. 23, 2019) (staying federal civil case under *Wallace v. Kato*).